| | |
|---|---|
| DISTRICT COURT, GARFIELD COUNTY, COLORADO<br>109 8th Street, Suite 104<br>Glenwood Springs, CO 81601<br>(970) 928-3065 | DATE FILED: September 15, 2023 11:12 AM<br>FILING ID: 5361B09977465<br>CASE NUMBER: 2023CV30139 |
| Plaintiff: Edward Raifsnider<br><br>vs.<br><br>Defendant: Helmerich & Payne International Drilling Co. | |
| Keller A. Caubarreaux, Esq.          No. 40612<br>Joseph H. Azbell, Esq.               No. 44586<br>Doehling Law, P.C.<br>114 N. Spruce St. Ste 100<br>Grand Junction, CO 81501<br>Phone Number: 970-241-9370<br>Fax Number:  970-245-7902<br>E-mail: keller@doehlinglaw.com<br>E-mail: joseph@doehlinglaw.com | ▲ COURT USE ONLY ▲<br><br>Case No.:<br><br>Div.:            Ctrm.: |
| **COMPLAINT** | |

Plaintiff(s), Edward Raifsnider, through his attorneys of record, Doehling Law, P.C., submit this **COMPLAINT,** and state the following:

## PARTIES

1. Plaintiff, Edward Raifsnider, is a resident of the state of Colorado and resides in Mesa County, Colorado.

2. Defendant Helmerich & Payne International Drilling Co. (hereinafter, "H & P") is a foreign company with its principal office in Tulsa, Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff incorporates all allegations in the complaint by reference.

4. The torts complained of were committed in Garfield County, Colorado.

1

**EXHIBIT C**

5. Jurisdiction is proper in Garfield County, Colorado.

6. Venue in Garfield County is proper, pursuant to C.R.C.P. 98(c)(1) and (5).

## GENERAL ALLEGATIONS

7. Plaintiff incorporates all allegations in this complaint by reference.

8. On December 2, 2022, Raifsnider was employed by H&K Trucking, LLC as a truck driver.

9. Upon information and belief, Caerus Operating, LLC hired H & P to operate the drilling rig.

10. Upon information and belief, Caerus Operating, LLC hired H&K Trucking, LLC to assist, among other things, with filling frac tanks with water.

11. As part of Raifsnider's job duties, he drove his truck to H&P's drilling site to fill frac tanks with water.

12. On December 2, 2022, Raifsnider was assigned to H&P's rig known as Rig 330, Well Pad BJU-496, near Parachute, Colorado.

13. During the course of Raifsnider's job duties at this location, Raifsnider stepped on to a platform at the rig location.

14. The platform was covered in an accumulation of ice, snow, and industrial products.

15. There were no warning signs of the presence of accumulation of snow, ice, and industrial products and that it constituted a dangerous condition.

16. The accumulation of snow, ice, and industrial products on the rig was a dangerous condition.

17. As a result of the dangerous conditions on the platform, Raifsnider slipped and fell approximately twelve feet.

18. H&P was responsible for the dangerous conditions at its site location known as Rig 330, Well Pad BJU-496, near Parachute, Colorado.

19. Raifsnider sustained injuries, damages, and losses as a result of the fall.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
Negligence
CJI-Civ 9:1

20. Plaintiff incorporates all allegations in this complaint by reference.

21. Plaintiff incurred injuries, damages and losses as a result of December 2, 2022, incident.

22. Defendant was negligent.

23. Defendant's negligence includes, but is not limited to, its failure to properly maintain the area at the rig site and its failure to warn individuals of the dangerous conditions on its property.

24. Defendant's negligence was a cause of Plaintiff's injuries, damages, and losses.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT H&P
**PREMISES LIABILITY TO INVITEE**
**Section 13-21-115, C.R.S.**
**C.J.I.-Civ. 12:3**

25. Plaintiff incorporates by reference each paragraph of this complaint.

26. Raifsnider incurred injuries, damages, and losses as a result of the December 2, 2022, incident.

27. On December 2, 2022, and at all other relevant times, H&P was a "landowner" as defined in section 13-21-115(7)(b), C.R.S., of the property known as Rig 330, Well Pad BJU-496, near Parachute, Colorado.

28. On December 2, 2022, and at all other relevant times, H&P was in possession of the real property and was legally responsible for the condition of the real property and for the activities conducted or circumstances existing on its premises.

29. On December 2, 2022, Raifsnider was an invitee as defined in section 13-21-115(7)(a), C.R.S., when he entered the premises of H&P.

30. On December 2, 2022, Raifsnider entered or remained on the property of H&P in response to H&P's express or implied representation that the public is requested, expected, or intended to enter or remain.

31. H&P had a duty to exercise reasonable care to protect against the danger on the property which it actually knew or as a reasonable person exercising reasonable care should have known.

32. At all times relevant hereto, H&P had the duty to warn of all dangerous conditions of which it was aware or should have been aware.

33. There were no signs, warnings, or notices to individuals that the area was covered with an accumulation of snow, ice, and industrial products that created a slip and fall hazard.

34. H&P knew or should have known of the dangerous conditions on the premises.

35. H&P failed to use reasonable care to protect Raifsnider against the danger on the premises.

36. Raifsnider was injured as a result of H&P's failure to exercise reasonable care.

37. Raifsnider sustained injuries, damages, and losses as a result of the H&P's failure to exercise reasonable care.

### THIRD CLAIM FOR RELIEF AGAINST H&P
### PREMISES LIABILITY TO LICENSEE
### Section 13-21-115, C.R.S.
### C.J.I.-Civ. 12:2

38. Plaintiff incorporates by reference each paragraph of this complaint.

39. On December 2, 2022, and at all other relevant times, H&P a "landowner," as defined in 13-21-115(7)(b), C.R.S., of the property known as Rig 330, Well Pad BJU-496, near Parachute, Colorado.

40. On December 2, 2022, and at all other relevant times, H&P was in possession of the real property and was legally responsible for the condition of the real property and for the activities conducted or circumstances existing on the property known as Rig 330, Well Pad BJU-496, near Parachute, Colorado.

41. On December 2, 2022, Raifsnider was a "licensee," as defined in section 13-21-115(7)(c), C.R.S., when he entered the H&P property known as Rig 330, Well Pad BJU-496, near Parachute, Colorado.

42. On December 2, 2022, Raifsnider entered or remained on the premises of H&P for his own convenience or to advance his own interests, pursuant to H&P's permission or consent.

43. Raifsnider had H&P's permission or consent to enter or remain on the H&P premises.

44. As a landowner, H&P assumed a duty of care to Raifsnider, who was a licensee on the H&P premises.

45. H&P knew that the conditions on the rig constituted a dangerous condition.

46. H&P failed to use reasonable care to warn of the danger on its property which it actually knew about, and the danger was one not ordinarily present on the premises.

47. H&P failed to use reasonable care to protect against the danger on its property.

48. Raifsnider was injured as a result of H&P's failure to exercise reasonable care.

49. Raifsnider sustained injuries, damages, and losses as a result of H&P's failure.

## **DAMAGES**
CJI-Civ 6:1

50. Plaintiff incorporates all allegations in this complaint by reference.

51. Defendant's negligence caused the Plaintiff to incur past and future non-economic injuries, damages and losses, including pain and suffering, inconvenience, emotional stress, and impairment of the quality of life.

52. Defendant's negligence caused Plaintiff to suffer permanent physical impairment and/or disfigurement.

53. Defendant's negligence caused Plaintiff to incur past and future economic losses which include loss of home services, loss of earning capacity, loss of access to employment, reasonable and necessary medical expenses including but not limited to physician, hospital, physical therapy, prescription, and other expenses.

**WHEREFORE**, Plaintiff respectfully requests:

    A. Judgment to be entered against Defendant for a monetary sum, in an amount to be proven at trial;

    B. Pre-Judgment and post-judgment interest;

    C. Costs of litigation, including expert witness fees;

    D. Reasonable attorneys' fees;

    E. Such other and further relief as the Court deems just and proper.

5

**RESPECTFULLY** submitted this 15th day of September 2023.

                                        **DOEHLING LAW, P.C.**

                                        */s/ Joseph H Azbell, Esq.*
                                        Keller A. Caubarreaux, Esq.    No. 40612
                                        Joseph H. Azbell, Esq.       No. 44586

<u>Plaintiff's Address:</u>
910 Iowa Ave., Apt. 1
Palisade, CO 81526